IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-78-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER ON MOTION TO DISMISS COUNTS 3 AND 4 (DUE PROCESS) |
| JOHN DAVID JUST, | |
| Defendant. | |

On December 2, 2024, Defendant John David Just moved to dismiss Counts 3 and 4[1] of the indictment arguing that the charges violate his Fifth Amendment right to due process. (Docs. 49, 50). The Government opposes the motion contending that *Hunter v. United States*, 73 F.3d 260 (9th Cir. 1996), forecloses Just's argument. (Doc. 55). Just did not reply.

## I.    Background

In September 2022, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents discovered that Just was selling firearms without a license out of his bar in Ashland, Montana. (Doc. 55 at 2). Undercover ATF agents purchased firearms from Just throughout September, November, and December of

---

[1] The Defendant wrote "Counts 3, 4, and 5" in the caption and the body text of his motion (Doc. 49). However, the Defendant omitted "Count 5" in the caption and body text of his supporting brief (Doc. 50). Accordingly, the Court will rely on the Defendant's supporting brief and address only Counts 3 and 4 in the Order.

2022. (*Id.*). ATF agents obtained a search warrant for Just's bar and executed the warrant on January 5, 2023. (*Id.*). ATF agents discovered numerous firearms and ammunition including a privately made firearm ("PMF") receiver and a pistol with a smooth bore designed to fire a fixed shotgun shell. (*Id.*). Neither the PMF receiver nor the pistol was registered to Just. (Doc. 3).

Title 28 of the United States Code provides the ATF with the authority to investigate criminal and regulatory violations of federal firearms law. The ATF Firearms and Ammunition Technology Division provides expert technical support to federal law enforcement agents regarding the Gun Control Act and National Firearms Act. In this case, Firearms Enforcement Officer (FEO) Anthony Arena examined Just's PMF receiver and filed a report with his findings on February 6, 2023. (Docs. 44-1, 52-1). According to FEO Arena's investigation and testing, he concluded that Just's PMF receiver qualified as a machinegun under federal law. (Doc. 52-1 at 4).

On June 22, 2023, Just was charged with five counts: (1) engaging in the business of dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); (2) illegal possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); (3) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 and 5861(d) as to the pistol; (4) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841 and 5861(d) as to the

machinegun; and (5) possession of a machinegun unidentified by a serial number in violation of 26 U.S.C. §§ 5861(i) and 5871. (*Id.*).

The instant motion pertains to Counts 3 and 4—unlawful possession of unregistered firearms.

## II.    Legal Standard

Federal Rule of Criminal Procedure 12(b)(1) provides that a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined Hall's motion is appropriate for pre-trial resolution because it solely involves a question of law.

## III.    Analysis

The Secretary of the Treasury requires all firearms to be registered in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5841. Once a manufacturer, importer, or maker registers the firearm, they must transfer the registration to the recipient upon transfer of the firearm. *Id.* § 5841(b). Any person possessing a registered firearm must retain proof of the registration. *Id.* § 5841(e). It is unlawful for any person to "receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." *Id.* § 5861(d). The National Firearms Act (NFA) broadly defines a "firearm" and

3

includes terms such as "any other weapon" and "a machinegun." *Id.* § 5845(a)(5), (6). The term "any other weapon" includes "a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell." *Id.* § 5845(e). Thus, under the NFA, Just would be required to register the machinegun and the pistol.

However, the NFA will deny any registration application if the possession of the firearm would violate the law. *Id.* §§ 5812, 5822. Pertinent here, the Firearm Owners' Protection Act makes it illegal for any person to possess a machinegun after the statute's effective date of May 19, 1986. 18 U.S.C. § 922(o). Therefore, it is impossible to comply with the NFA's registration requirement for individuals possessing machineguns. In contrast, no statute bans possession of a pistol with a smooth bore design. Unlike a machinegun, it would be possible to comply with the NFA's registration requirements for individuals possessing a smooth bore pistol.

As to Count 3—unlawful possession of a smooth bore pistol—Just contends that the registration requirement is unfair. However, the Court finds no legal or factual basis to support Just's contention because the plain language of the NFA states that all firearms must be registered. Because the definition of firearm includes a "pistol with a smooth bore design to fire a fixed shotgun shell," Just is required to comply with the law. Unlike a machinegun, the registration of the

4

pistol is not a legal impossibility.  Because Just points to no authority demonstrating the unfairness of the registration requirement, the Court finds no Due Process violation has occurred as to Count 3.

As to Count 4, Just contends that criminalizing possession of an unregistered machinegun is fundamentally unfair because § 922(o) prevents him from complying with the registration requirement, and that this unfairness violates Due Process.  (Doc. 49 at 1–2; Doc. 50 at 2–4).  He relies on the Tenth Circuit case, *United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992), to support his argument.  In *Dalton*, the court held that Due Process barred the defendant's conviction for possessing an unregistered machinegun when that registration is precluded by law. 960 F.2d 122, 126.

In response to Just's motion, the Government argues that the Ninth Circuit in *Hunter v. United States*, 73 F.3d 260 (9th Cir. 1996), directly addresses and forecloses Just's argument.  The Court is bound by Ninth Circuit precedent and agrees with the Government.

In *Hunter*, appellant William Hunter had pled guilty to possession of an unregistered machinegun in violation of 26 U.S.C. § 5861(d).  *Hunter*, 73 F.3d at 261.  Relying on *Dalton*, Hunter filed a § 2255 motion to vacate his sentence arguing that the statute under which he was convicted, read in the light of § 922(o), was unconstitutional.  *Id.*  The Ninth Circuit rejected Hunter's argument.  The

court reasoned "that the registration requirement is not unfair, even as to machineguns made illegal under § 922(o), because individuals 'can comply with the [National Firearms Act and the Firearm Owners' Protection Act] by refusing to deal in newly-made machineguns.'" *Id.* at 261–62 (quoting *United States v. Jones*, 976 F.2d 176, 183 (4th Cir. 1992)). The court held that even though machinegun possession is a violation of § 5861(d) and § 922(o), "the Constitution does not forbid making the same conduct illegal under two statutes." *Id.* at 262. Therefore, the "government is permitted to prosecute under either one." *Id.*

Like Hunter, Just repeats an argument already rejected by the Ninth Circuit. *Id.* 262. ("In *United States v. Gann*, 732 F.2d 714 (9th Cir. 1984), we rejected an argument identical to that advanced by Hunter."). Accordingly, as to Count 4, the Court finds no Due Process violation has occurred.

## IV.    Conclusion

For the foregoing reasons, IT IS ORDERED that Defendant John David Just's Motion to Dismiss Counts 3 and 4 (Doc. 49) is DENIED.

DATED this 22nd day of January, 2025.

SUSAN P. WATTERS
United States District Judge